# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00068-CV

**Brenda Williams, Appellant**

**v.**

**Walgreen Co. and Warren W. Gude, M.D., Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. D-1-GN-02-003368, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In this health care liability case, Brenda Williams appeals *pro se* from the trial court's judgment in favor of appellees Walgreen Co. and Warren W. Gude, M.D. After the parties entered into a mediated settlement agreement, the claims against Gude were nonsuited based upon a summary judgment ruling and court order in favor of Gude, and the trial court dismissed the claims against Walgreen Co. In three issues, Williams challenges the mediated settlement agreement and her attorneys' conduct in representing her. For the reasons that follow, we affirm the trial court's judgment.

## BACKGROUND

Williams, along with her husband Nathaniel Wooley and on behalf of their children, filed suit in 2002 in connection with medical treatment that Wooley received concerning a

prescription of Dilantin, an anti-seizure medication.[1] Williams and Wooley contended that Gude prescribed a dosage of Dilantin that was excessive on its face and Walgreen Co. filled this prescription in July 2000 causing Wooley to develop the condition "Dilantin toxicity." Wooley was hospitalized for treatment a few days after he began taking the prescription of Dilantin.

In September 2005, the case was mediated, and the parties entered into a settlement agreement. The mediated settlement agreement, entitled "Memorandum of Agreement," was filed with the trial court as a Rule 11 agreement. *See* Tex. R. Civ. P. 11. In the agreement, "[e]ach party acknowledges that they have conferred with counsel regarding the advisability of entering this agreement prior to signing it" and that they "have read the settlement agreement, understand it, agree to the terms stated in it, and believe that it is in their best interest." The terms of the agreement included that Walgreen Co. would pay $75,000, and "Plaintiffs [would] execute a formalized settlement agreement and dismiss all claims with prejudice" against Walgreen Co. As to the claims against Gude, Texas Medical Liability Trust agreed to pay on behalf of Gude "taxable court costs in an amount not to exceed $5,000," and "Plaintiffs agree[d] to enter a non-suit as to Defendant Gude" and a "settlement agreement and full release of claims with Defendant Dr. Gude." To establish the taxable costs, "Plaintiffs agree[d] to provide documentation of all such taxable court costs" to Gude's counsel. Williams and Wooley, their counsel, and counsel for Walgreen Co. and Gude signed the mediated settlement agreement.

---

[1] Williams and Wooley named four other defendants in addition to Walgreen Co. and Gude but nonsuited the other defendants prior to the mediation.

The parties proceeded according to the terms of the settlement agreement. Walgreen Co. paid $75,000, and Williams and Wooley executed a formal confidential settlement agreement and release of their claims against Walgreen Co. in November 2005. In December 2005, counsel for Williams and Wooley submitted copies of invoices reflecting taxable court costs totaling $3,146.30 to Gude's counsel, and Gude's counsel forwarded a proposed release for execution by Williams and Wooley in exchange for payment of $3,146.30. Williams and Wooley, however, failed to take further action to comply with the settlement agreement from this point forward. They did not sign the proposed release concerning their claims against Gude or consent to nonsuit their claims against him. They also declined to execute a joint motion to dismiss their claims against Walgreen Co.

On February 23, 2007, Gude amended his answer to include a counterclaim for breach of the mediated settlement agreement and a motion for summary judgment on his counterclaim seeking enforcement of the agreement. Evidence attached to his motion included (i) the settlement agreement between the parties, (ii) a copy of a letter sent by the mediator to the trial court the day after the mediation stating that "a settlement was achieved that was mutually acceptable to all parties," (iii) the letter sent in December 2005 from counsel for Williams and Wooley to Gude's counsel attaching invoices of taxable court costs, and (iv) the letter from Gude's counsel to counsel for Williams and Wooley attaching and requesting that they execute a proposed "Complete Confidential Release, Indemnity, and Settlement Agreement." Williams and Wooley did not file a response to Gude's motion for summary judgment.

The trial court heard Gude's motion on March 19, 2007, and granted the motion.[2] In its order granting the motion, the trial court found that the mediated settlement agreement was "filed pursuant to Rule 11 and [was] a binding, enforceable contract" and that "Plaintiffs have breached that contract in failing to non-suit this case and in failing to enter a settlement agreement and full release of claims." The trial court also ordered the claims against Gude to be nonsuited within 10 days. The following day, counsel for Williams and Wooley filed a motion for nonsuit, and the trial court granted the motion. A few months later, Williams accepted the settlement payment for the taxable court costs. At this point, the only remaining claims pending before the trial court were against Walgreen Co.

On December 11, 2008, Williams filed a motion to discharge her attorneys, Larry Laden and Justin Townsend, and for sanctions.[3] In her motion, she contended that she discharged her attorneys before March 2008 and that they should be sanctioned for unethical conduct in representing her, including: (i) failing to withdraw from the case after she discharged them and failing to follow her wishes regarding the nonsuit of Gude, (ii) proceeding with the summary judgment hearing in March 2007, (iii) adding language to the mediated settlement agreement after Williams and Wooley had already signed the agreement, and (iv) using "undue pressure, intimidation and coercion to force Brenda Williams to sign a release and settlement agreement." Attached to her

[2] The record reflects that Wooley died the week before the summary judgment hearing.

[3] The attorney initially representing Williams and Wooley filed a motion to withdraw in September 2004, and the trial court granted his motion in December 2004. Several months later, Williams and Wooley retained Laden and Townsend on a contingency basis.

4

motion were letters to her attorneys dated July 14, 2008. In the letters, she advised her attorneys that she was "firing" them.

Her attorneys filed a response to her motion that included documentary evidence. They contended that the documents attached to their response showed that Williams was "fully aware of the nature of the settlement and the language included therein" and that they "attempted to solicit Plaintiffs compliance with the settlement agreement but were unsuccessful." Their evidence included the letter from the mediator to the court that the parties had settled the case at the mediation, the settlement agreement, and correspondence between Williams and her attorneys during March 2008.

A few weeks later, the trial court heard Williams's motion, as well as a pending motion by Walgreen Co. to enter final judgment. Walgreen Co. sought the dismissal of all claims against it with prejudice. At the hearing, the confidential settlement agreement and release executed by Williams and Wooley concerning their claims against Walgreen Co. and a document dated November 17, 2005, and signed by Williams and Wooley to confirm receipt of the settlement funds from Walgreen Co. were submitted *in camera* for the trial court's review. The trial court also admitted a letter from November 2005 sent by Laden to Williams and Wooley outlining possible risks with accepting the settlement funds. Williams and Wooley signed at the bottom of this letter acknowledging that they read the letter, "understand what it explains and agree to [be] bound by its terms."

After the hearing, the district court entered final judgment, dismissing the claims against Walgreen Co. with prejudice, and denied Williams's motion to discharge her attorneys and for sanctions. This appeal followed.

**ANALYSIS**

In three issues, Williams contends that her attorneys should have been sanctioned for "misrepresentation, misconduct and lack of zealous representation," the settlement agreement was unconscionable and fraudulent because it should have only addressed claims against Walgreen Co., "requiring this court to reverse, remand, set aside or vacate all judgments, orders of non-suits and dismissals," and that the "trial court erred and abused its discretion in enforcing and granting" Gude's motion for summary judgment.

*Attorney's Representation*

In her first issue, Williams challenges the trial court's denial of her motion to sanction her attorneys, Laden and Townsend. Williams contends that the trial court should have sanctioned her attorneys because they engaged in misconduct and misrepresentation and lacked zeal in their representation of her by taking the following alleged actions: adding language to the settlement agreement after Williams and Wooley had already signed it, using "undue pressure, intimidation, and coercion" to force her to sign the settlement agreement, failing to follow her wishes regarding the nonsuit of Gude, and failing to withdraw after Williams discharged them.

We review a trial court's ruling on a motion for sanctions under an abuse of discretion standard. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). The test for abuse of discretion is

6

"whether the court acted without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238, 241-42 (Tex. 1985).

Williams sought sanctions against her attorneys pursuant to Rule 13 of the rules of civil procedure. *See* Tex. R. Civ. P. 13. Williams, however, fails to provide authority, and we have found none, that would support sanctioning her attorneys pursuant to Rule 13. Rule 13 allows a trial court to sanction an attorney or a party for filing motions, pleadings, or other papers that are groundless and brought in bad faith or for purpose of harassment. *Id*. Williams alleges conduct by her attorneys that is unrelated to filing motions, pleadings, or other papers except for the filing of the motion to nonsuit Gude and, as to that motion, Williams was under court order to nonsuit her claims against Gude at the time that her attorneys filed the motion.

In any event, the evidence in the record does not support a finding that her attorneys engaged in misconduct, made misrepresentations to her, or lacked zeal in their representation. The evidence included an affidavit from Townsend, the mediator's letter to the trial court, the mediated settlement agreement, and Laden's letter to Williams and Wooley that outlined possible risks with accepting settlement funds. At the hearing on the motion, the trial court also reviewed *in camera* the confidential settlement agreement and release concerning the claims against Walgreen Co. and the document in which Williams and Wooley confirmed that they had received the settlement funds from Walgreen Co. This evidence shows that her attorneys were proceeding in accordance with the settlement agreement and that Williams and Wooley were aware of the terms of the agreement and accepted those terms for at least several months after the mediation. Williams did not provide contrary evidence.

7

We conclude that the trial court was well within its discretion to deny Williams's motion to sanction her attorneys. *See Cire*, 134 S.W.3d at 838. We overrule Williams's first issue.

*Settlement Agreement*

In her second and third issues, Williams challenges the validity of the mediated settlement agreement. In her second issue, she contends that the agreement is unconscionable and fraudulent or based upon unilateral mistake and, therefore, should be set aside because her agreement to settle was only with Walgreen Co., and that she never intended to release Gude. In her third issue, she contends that the trial court erred and abused its discretion by granting Gude's motion for summary judgment and enforcing the agreement. Because Williams concedes that she agreed to settle with Walgreen Co. at the mediation for $75,000 and does not dispute that she executed the subsequent "Confidential Settlement Agreement and Release" as to her claims against Walgreen Co., we limit our review under both issues to the terms of the mediated settlement agreement between Williams, Wooley, and Gude.[4] In its order granting summary judgment for Gude, the trial court expressly found that the mediated settlement agreement was a "binding, enforceable contract" and that "Plaintiffs have breached that contract in failing to non-suit this case and in failing to enter a settlement agreement and full release of claims."

---

[4] To the extent Williams challenges the settlement agreement concerning Walgreen Co. and/or raises new issues in her reply briefs, she has not preserved these issues for this Court's review. *See* Tex. R. App. P. 38.1, 38.3; *Dallas Co. v. Gonzales*, 183 S.W.3d 94, 104 (Tex. App.—Dallas 2006, pet. denied) (rules of appellate procedure do not allow an appellant to raise new issue in reply brief); *Howell v. Texas Workers' Comp. Comm'n*, 143 S.W.3d 416, 439 (Tex. App.—Austin 2004, pet. denied) (same).

8

We review the trial court's decision to grant summary judgment *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a summary judgment motion, the movant must demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). In deciding whether there is a disputed material fact issue precluding summary judgment, we must take evidence favorable to the nonmovant as true, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in the nonmovant's favor. *Dorsett*, 164 S.W.3d at 661; *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

Settlement agreements may be enforced as contracts even if one party withdraws consent before judgment is entered on the agreement. *See Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 154.071(a) (West 2005) ("If the parties reach a settlement and execute a written agreement disposing of the dispute, the agreement is enforceable in the same manner as any other written contract."). When consent is withdrawn, the party seeking enforcement of the settlement agreement may pursue a separate claim for breach of contract. *Padilla*, 907 S.W.2d at 461-62. That is what happened here. After Williams and Wooley failed to sign Gude's proposed release of their claims against him and would not consent to nonsuit those claims, Gude amended his answer to assert a counterclaim for breach of the mediated settlement agreement.

Gude then filed a motion for summary judgment on his counterclaim. *See* Tex. R. Civ. P. 166a(a). As part of his motion, Gude sought enforcement of the mediated settlement

agreement and an order of dismissal. To be entitled to summary judgment on his counterclaim and his requested relief, Gude had to establish as a matter of law that the mediated settlement agreement was valid and that Williams breached the agreement. *See Taub v. Houston Pipeline Co.*, 75 S.W.3d 606, 615 (Tex. App.—Texarkana 2002, pet. denied) (elements of breach of contract claim).

Gude's summary judgment evidence included the mediated settlement agreement that was filed with the trial court, the mediator's letter to the trial court that "a settlement was achieved that was mutually acceptable to all parties," the letter sent by counsel for Williams to Gude's counsel documenting taxable court costs, and the letter sent by Gude's counsel to counsel for Williams attaching and requesting that Williams and Wooley execute a proposed "Complete Confidential Release, Indemnity, and Settlement Agreement." Williams did not file a response or controverting evidence. *See* Tex. R. Civ. P. 166a(c); *City of Houston*, 589 S.W.2d at 678.

The undisputed summary judgment evidence, then, established that the parties executed the settlement agreement at the mediation and that the agreement was filed in accordance with Rule 11 of the rules of civil procedure. *See* Tex. R. Civ. P. 11. The settlement agreement itself established the terms of the agreement, including the agreement by Williams and Wooley to nonsuit Gude and to execute a full release of their claims against Gude in exchange for payment of their taxable court costs. The evidence also showed that Williams and Wooley refused to sign the proposed release or to nonsuit Gude in accordance with the terms of the agreement. This evidence established that the settlement agreement was valid, that Williams breached the agreement, and that Gude was entitled to summary judgment as a matter of law. We conclude that the trial court did not

err in granting Gude's motion for summary judgment and enforcing the mediated settlement agreement. We overrule Williams's second issue.

As to her third issue, Williams contends that the mediated settlement agreement was unconscionable or fraudulent or based upon unilateral mistake because she and her husband only agreed to settle with Walgreen Co. at the mediation, and not with Gude. Because she did not file any response to Gude's motion for summary judgment, however, she failed to raise these issues with the trial court, and we may not consider them as grounds for reversing the summary judgment in favor of Gude. *See* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as ground for reversal."). We overrule Williams's third issue.

## CONCLUSION

Having overruled Williams's issues, we affirm the trial court's judgment.[5]

---

[5] Pending before this Court are Walgreen Co.'s Motion to Strike Appellant's Brief and Motion to Dismiss, Gude's Motion to Dismiss, and Williams's "Objection to Appellees' St. David's and Dr. Warren W. Gude's Motion to Dismiss, and any and all Motion to Strike Appellant's Brief, or Alternatively, Motion to Amend Brief." Laden and Townsend, the attorneys representing Williams before the trial court, also filed a motion to dismiss for lack of jurisdiction. We deny these motions.

11

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   October 12, 2010